INDUST. COMM. v. TRIPSANSKY.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8857. Decided May 14, 1928.

Syllabus by Editorial Staff.

EMPLOYER & EMPLOYE.

(250 W3) An employee sustained a fatal injury while in the course of his employment, where he was seen to fall striking his head on a brick floor and it appeared that the floor was wet and slippery from recent scrubbing, and that the injury to his head was sufficient to produce fatal results.

Error to Common Pleas.

Judgment affirmed.

Edward C. Turner, Columbus, and John Eldon, Cleveland, for Indust. Comm.

Lustig, Okum & Lustig, Cleveland, for Tripsansky.

STATEMENT OF FACTS.

The case was tried to court and jury, and it appears from the record that Gaza Tripsansky, decedent, met death on the 7th day of July, 1925, and the action was brought by defendant in error, Elizabeth Tripsansky, for the benefit of herself as a dependent of her deceased husband, the employee.

Under the allegations of the petition it appears that the decedent was working for The Theodore Gutscher Co. of Cleveland, Ohio, as a butcher on July 7, 1925, and that the company was a contributor to the State Industrial Insurance Fund.

The decedent was standing on a floor which had been used in connection with the company's large meat plant, leaning up against what is known as a "stuffer," which is a machine for the filling of sausage in the skins or links, and it appears that just before the fatality, he was moving a barrel toward the "stuffer" and after it was located in the vicinity of the "stuffer" he was seen leaning against this machinery and almost instantly he fell backward to the floor, receiving injuries on the head from which blood flowed, and in a very short time thereafter he died.

There is evidence in the record to show that by inference at least, the floor itself was slippery.

The question is whether death resulted from an injury which was received in the scope of his employment.

The floor upon which decedent struck his head was a brick floor and aparently the injury to the head was severe, because he was a very heavy man, standing about six feet high, and he bled profusely from the back of his head after he fell. That the floor was wet and greasy seems clear, and for the purpose of avoiding slipping, the employees were accustomed to wear rubber boots and he was shod in this character on the day of his death.

SULLIVAN, PJ.

From an examination of the record there is no evidence of a reliable or convincing nature that death actually resulted from some other cause, excepting as a result of the work in which he was engaged.

In the affidavit the coroner stated that he made no physical examination and that there

was no autopsy over the body and no inquiry was made as to the situation which surrounded him at the time of his employment, with respect to the floor, and the work in which he was engaged.

There is evidence given by another physician at a re-hearing before the Industrial Commission, in answer to a hypothetical question, "that due to the fact that there was an injury, it was probable that the man would die from concussion or fracture."

The acting undertaker testified that he first saw the decedent at the morgue, and that he recognized that there was an injury on the back of the head as the pillow was stained, by leakage of blood from the head, which was congealed. He further stated that blood poured from the head during the process of embalming and that it crimsoned the pillow upon which the decedent lay.

This, and other testimony in the case, precludes us from coming to the conclusion that the evidence was not sufficient from one view of the case at least, to substantiate the verdict.

The Supreme Court in the case of Roma v. The Industrial Commission of Ohio, 97 OS. 247, laid down the rule relating to the substantial rights of the party in jeopardy and that it is the plain duty of the courts to disregard mere technicalities where, by observing them, doubtful administration of justice would result.

Under the evidence in the case it is clear that immediately prior to the death, the decedent was acting in the scope of his employment, and there is reasonable ground for the inference that as a direct result of his employment, the injury and death occurred. This is a plain, reasonable, and logical inference and under the rules of liberality of construction we are bound to follow the verdict of the jury on the facts and the judgment of law pronounced thereon by the court.

Under Sections 1465-61 there is a specific provision that every employee who is injured and the dependents of such as are killed in the course of employment wheresoever such injury has occurred, shall be entitled to receive compensation as provided in Sections 1465-69. We think the evidence in this case warrants the applicability of these provisions of the statute. (Vickery and Levine, JJ., concur.)